# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>ROBERT E. HELM,<br><br>                Defendant. | 8:10CR13<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Defendant's Motion for Compassionate Release, ECF No. 62. The Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) as amended by Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), affording him immediate release from custody.

Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to move a sentencing court for modification of sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."

Section 3582(c)(1)(A) also provides in pertinent part:

[T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

    (i)    extraordinary and compelling reasons warrant such a reduction;
          . . . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

The Defendant asserts that he submitted a request for compassionate release to his Warden on April 27, 2020, and the Government acknowledges that the Defendant has "satisfied the request requirement." Government's Brief, ECF No. 69 at Page ID # 1169. Accordingly, the Court assumes jurisdiction to consider the Defendant's pending Motion.

Although the Defendant was classified as a career offender under the U.S. Sentencing Guidelines and his Criminal History Category is VI, the Government concedes that "it does not appear Helm would be a danger to society." Government Brief, ECF No. 69 at Page ID 1173. For that reason, and because of the Court's conclusion that the Defendant has not shown extraordinary and compelling reasons for a reduction in his sentence, the Court will not engage in further analysis of factors set forth in 18 U.S.C. §3553(a).

The Defendant states that he is overweight; he experienced a pulmonary embolism in 2018; and he suffers from polyps in his digestive tract, recurrent pancreatitis, hypertension, cellulitis, chronic abdominal bloating, and sleep apnea. His medical records from the Bureau of Prisons confirm his factual allegations. *See* Compassionate Release Investigation Report, ECF No. 68. The Defendant contends that his medical conditions make him especially vulnerable to adverse health consequences if exposed to coronavirus.

The Government opposes the Defendant's Motion on the basis that the Defendant has not demonstrated extraordinary and compelling reasons that warrant a reduction in his sentence. The Defendant is 56 years old. He is housed at the Bureau of Prisons'

Medical Center in Rochester, Minnesota, where he receives treatment to manage his medical conditions. He does not meet criteria listed in U.S. Sentencing Guidelines § 1B1.13 Application Note 1(A), (B), or (C), for release under 18 U.S.C. § 3582(c)(1)(A) based on his medical condition. Essentially, he argues that the coronavirus pandemic, in conjunction with his medical conditions, presents an extraordinary and compelling reason for his release from custody under Application Note 1(D).[1]

As of the date of this Memorandum and Order, no inmate at the Rochester facility has tested positive for the coronavirus. Two staff members have tested positive and since recovered. *See* https://www.bop.gov/coronavirus/. The Defendant has not shown an extraordinary and compelling reason for a reduction in his sentence, and such a reduction would not be consistent with policy statements issued by the Sentencing Commission.

Accordingly,

IT IS ORDERED:

1. The Defendant's Motion for Compassionate Release, ECF No. 62, is denied; and

2. The Clerk will mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 10th day of August 2020.

---

[1] U.S.S.G. § 1B1.13 and related Commentary from the Sentencing Commission were most recently updated on November 1, 2018, before the effective date of the First Step Act—December 21, 2018. Accordingly, the Guideline and Commentary still presume that a reduction in sentence under § 3582(c)(1)(A) must be made upon motion of the Director of the Bureau of Prisons. Application Note 1(D), titled "Other Reasons" is a catch-all provision, noting that the Director may determine "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." This Court infers that the Commission would apply the same criteria, including the catch-all provision of Application Note 1(D), in the wake of the First Step Act's amendment to § 3582(c)(1)(A), and that this Court may use Application Note 1(D) as a basis for finding extraordinary and compelling reasons to reduce a sentence.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge